UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-173 (WMW/DLM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACKIE RAHM LITTLE,

    Defendant.

**ORDER OF DETENTION**

This matter came before the Court on May 4, 2023, for an arraignment hearing and a hearing on the motion of the United States for an Order of Detention as to Defendant Jackie Rahm Little (the "Defendant"). Defendant was present and represented by his attorney, Aaron J. Morrison. The United States was represented by Assistant United States Attorney Manda M. Sertich.

Defendant is charged by Indictment with Arson and Damage to Religious Property. He waived the reading of the indictment and entered a plea of not guilty. Defendant, through his counsel, waived the detention hearing and reserved the right to reopen the hearing on the issue of detention at a later date. After reviewing the Bail Report submitted by Pretrial Services, the Court concludes no condition or combination of conditions of bond will reasonably ensure Defendant's appearance in court or the safety of the community. Accordingly, the Court will grant the Government's motion for detention.

## **FINDINGS OF FACT**

On May 3, 2023, Defendant was charged by Indictment with Arson, in violation of

18 U.S.C. § 844(i), and Damage to Religious Property, in violation of 18 U.S.C. §§ 247(a)(1) and (d)(3). As summarized in a Complaint that preceded the Indictment (23-mj-365 (ECW)), on April 23, 2023, at approximately 7:00 p.m., Defendant started a fire in the bathroom of the Masjid Omar Islamic Center. On April 24, 2023, just before 7:00 p.m., Defendant was captured on surveillance video entering the Masjid Al-Rahma. Shortly thereafter, a fire broke out on the third floor of the mosque, and the building was evacuated.

According to the Bail Report, Defendant has been charged with arson on two prior occasions, in Hennepin County in December of 2021, and in August of 2022 in Anoka County. Defendant also has a pending fifth degree assault case in Anoka County. On at least one occasion in the past, Defendant has failed to appear for a criminal hearing.

Pretrial Services concluded that no condition or combination of conditions will assure Defendant's appearance at future Court proceedings or the safety of the community based on the nature of the instant offense, Defendant's prior arrests and conviction, Defendant's mental health history, and Defendant's criminal activity while other charges are pending. Pretrial Services thus recommended that Defendant be detained.

## **DISCUSSION**

Under 18 U.S.C. §§ 3142(e) and (f), detention may be ordered either upon clear and convincing evidence showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight or non-appearance. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). In this case, because Arson is an

offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed, a rebuttable presumption in favor of detention applies. 18 U.S.C. § 3142(e)(3)(C).

The Court finds that detention is appropriate in this case. Additionally, based on the reasons set forth in the Bail Report and the record set forth in the Complaint, the risk of non-appearance and to the safety of the community is evident.

## **CONCLUSION**

The Court concludes that no condition or combination of conditions of bond will reasonably ensure Defendant's appearance in court or the safety of the community. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Defendant is GRANTED;

2. Defendant is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Defendant is confined shall deliver him to the

United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 9, 2023          *s/Elizabeth Cowan Wright*
                                    THE HONORABLE ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge