UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-173 (WMW/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY** |
| JACKIE RAHM LITTLE, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Manda M. Sertich, Assistant U.S. Attorney, hereby moves the Court for an order protecting the distribution of personally identifiable information (PII) and other sensitive information of the victims and non-parties in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

In support of its motion, the United States alleges and states the following:

1.  Jackie Rahm Little (the "Defendant") is charged by Indictment with Arson, in violation of 18 U.S.C. § 844(i), and Damage to Religious Property, in violation of 18 U.S.C. §§ 247(a)(1) and (d)(3). As summarized in a Complaint that preceded the Indictment (23-mj-365 (ECW)), on April 23, 2023, at approximately 7:00 p.m., Defendant started a fire in the bathroom of the Masjid Omar Islamic Center. On April 24, 2023, just before 7:00 p.m., Defendant was captured on surveillance video entering the Masjid Al-Rahma. Shortly thereafter, a fire broke out on the third floor of the mosque, and the building was evacuated. There are numerous adult and juvenile victims, witnesses, and

potential witnesses in this matter. Additionally, some of the discovery in this case relates to adult individuals involved in previous incidents as victims and witnesses, separate from the charged conduct.

2. The Government was ordered to disclose discovery to the defense by May 11, 2023. The discovery materials in this case are voluminous and include search warrant records, business records, interview reports, criminal history records, incident reports, and other documents that contain sensitive information and personal identifiers, including dates of birth, driver's license numbers, telephone numbers, email addresses, home addresses, and other PII of the victims and non-parties.

3. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. Fed. R. Crim. P. 16(d)(1). The Court therefore has the discretion to regulate and restrict discovery and the disclosure of discovery materials through use of protective orders. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

4. Crime victims possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Attorneys for the Government are empowered by statute to "assert

the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1). Attorneys may effectively protect these rights by seeking a protective order from the court.

5. With respect to a child who is, or who is alleged to be, a victim of physical abuse or a witness to a crime committed against another person, employees of the Government, the Court, and Defendant and Defendant's attorneys are required to "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." 18 U.S.C. § 3509(d)(1)(A)(i). Additionally, such individuals may only disclose documents containing the name of and information concerning a child "to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1)(A)(i). Section 3509(d)(3) states that "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."

6. The United States is prepared to provide redacted material via electronic discovery to the defense and will make additional discovery available as it is obtained. However, redaction of the discovery materials, due to the volume of materials, would be impractical and delay disclosures. Moreover, redaction of many items would impede the preparation of the defense, because redaction would render them less useful.

7. The Government is prepared to make unredacted discovery available to Defendant's counsel for inspection in its offices, which would satisfy its disclosure

3

obligations under the rules. However, both the Government and counsel for Defendant would prefer, to the extent practicable, for the Government to be able to provide copies of the discovery to defense counsel for use in their own offices.

    8.    The United States and counsel for Defendant have conferred regarding this protective order, and defense counsel does not oppose the terms of the proposed protective order.

    9.    Therefore, in order to ensure the protection of the above-described personal and sensitive information and to avoid the disclosure of this information to other individuals, the United States respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," as follows:

    a.    The Government is authorized to disclose to the defense sensitive information, including records containing PII, in its possession that the Government believes necessary to comply with its discovery obligations.

    b.    For the purpose of this Protective Order, "PII" means dates of birth, Social Security numbers, driver's license numbers, telephone numbers, email addresses, home addresses, and other personal information of the victims and non-parties that is contained in the discovery. With respect to such individuals who are children, "PII" also includes the names of children.

    c.    "Protected Material" means any discovery materials produced by the United States, including but not limited to search warrant records, interview reports, criminal history records, and all other materials that contain unredacted

4

PII of the victims and/or any non-party. Protected Material does not include discovery material produced by the United States that does not contain PII of the victims or non-parties. In the event that Defendant's counsel has any question as to whether a particular piece of information contained in the discovery materials constitutes PII, Defendant's counsel may inquire of counsel for the United States for clarification.

      d.      The Protected Material shall be held in strict confidence by the Defendant and defense counsel and may be used only for purposes of this litigation.

      e.      Protected Material may not be copied, disseminated or disclosed to any other person who is not directly involved in the defense of the charges against Defendant in this case.

      f.      Defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to Defendant in this action.

      g.      Protected Material shall not be given to Defendant for him to retain. However, discovery materials produced by the United States that contain no PII may be given to Defendant.

      h.      Except as set forth in the preceding paragraph, Protected Material may be shown to Defendant but must remain in defense counsel's possession and control at all times and may not be left with Defendant. If defense counsel brings Protected Material to any detention facility, it must remain in defense counsel's

possession and control at all times and may not be left with Defendant, and must be removed by counsel when he or she leaves the detention facility. In addition, defense counsel may advise the defendant of the contents of the Protected Material, including the PII.

      i.      Before Defendant is shown or advised of the contents of Protected Material, Defendant must read this Protective Order so that Defendant understands and agrees that he is bound not to disclose the PII contained in the materials to any person who is not directly involved in the defense of the charges against Defendant in this case.

      j.      All other individuals having access to any Protected Material, other than the following persons, shall read this Protective Order prior to disclosure and shall certify in writing, by signing a copy of this Protective Order, that they have read the terms of this Order and understand that they are bound by these terms:

      i.      the prosecution team;

      ii.      the Court and its staff;

      iii.      Defendant's attorneys, their law firms, and their outside vendors (messenger, copy, coding, and other clerical-services vendors not employed by defendant's attorneys);

      iv.      persons shown on the face of the document to have authored or received it; and

      v.      court reporters retained to transcribe testimony.

Defendant's counsel of record shall maintain a file of such written certifications.

k. The disclosure, dissemination, use, or retention of Protected Material contrary to this Order shall be deemed a violation of this Order subjecting Defendant, attorneys, or other person to sanctions.

l. Any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures.

m. All Protected Material and all copies must be destroyed or returned to the United States within sixty (60) days of the conclusion of this litigation, except that Defendant's counsel can retain one copy of these materials.

n. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated: May 11, 2023

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Manda M. Sertich*

BY: MANDA M. SERTICH
Assistant U.S. Attorney
Attorney ID Number 4289039 (NY)