UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 23-173 (ADM/DLM) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MOTION TO DISMISS** |
| | ) | |
| JACKIE RAHM LITTLE, | ) | |
| | ) | |
| Defendant. | ) | |

On November 8, 2023, this Court found that Jackie Little is suffering from a mental disease or defect rendering him mentally incompetent. (ECF #51). The Court committed him to the custody of the Attorney General. (ECF #51). Since this Court's Order he has been in custody at the Sherburne County Jail. For much of that time he has been in isolation and received very limited mental health treatment. Recent correspondence with the Government indicates that Mr. Little will not be transported to a BOP facility for a determination of whether his competency to stand trial can likely be restored until June of 2024. The delay is inhumane and unacceptable.

The Insanity Defense Reform Act ("IDRA") establishes that once a defendant is determined to be incompetent, the Attorney General has a "reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d). That time limit is not only a statutory prohibition on further commitment, but also a congressional determination of

1

constitutional reasonableness that places a limit on what constitutes a "reasonable period of time" for a restoration determination under *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). Here, over four months have passed since this Court's November 8, 2023, Order finding Mr. Little incompetent and committing him to the custody of the Attorney General to determine restorability. The statute's four-month period has lapsed, yet Mr. Little has not been transported to a suitable facility to begin treatment and likely will not be for some time. Because the Government has not honored the time allowed by the statute and *Jackson*, the Court must vacate the § 4241(d) commitment order, proceed on the finding that Mr. Little is—and will remain—incompetent to stand trial, dismiss the indictment, and release him.

## I.  Procedural History

On May 1, 2023, a complaint was filed in this case. (ECF #5). His initial appearance was on May 1, 2023. Three days later, on May 4, 2023, Mr. Little was charged in an indictment with one count of arson and one count of damage to religious property. (ECF #9). On June 26, 2023, counsel for Mr. Little filed a motion to determine competency to stand trial. (ECF #24). The Government filed a Motion for Psychiatric Evaluation on July 6, 2023. (ECF #33). On July 19, 2023, this Court filed an amended Order granting the Government's motion for a psychiatric evaluation. (ECF #38). On October 24, 2023, the BOP provided a copy of Mr. Little's Mental Competency Report to the Court. (ECF #47). The Court held a competency hearing on November 8, 2023. In an Order of Commitment filed November 8, 2023, the Court ordered Mr. Little committed for hospitalization and treatment in a suitable facility for a reasonable time period not to exceed

120 days to determine whether Mr. Little's competency could likely be restored. (ECF #51). As of today's date, Mr. Little remains at Sherburn County Jail. He has not been transported to begin his treatment.

> II. **The Government's Violation of the IDRA's Four-Month Restoration Evaluation Period Requires Dismissal.**

The Government has violated the IDRA's time constraints and Mr. Little's due process rights, and it will continue to do so absent action by this Court. This ongoing violation requires Mr. Little's immediate release and dismissal of the indictment.

> A. **The IDRA's statutory framework**

The IDRA lays out the process for determining a defendant's competency to stand trial, proceeding in several steps with strict time constraints. *See United States v. Donnelly*, 41 F.4th 1102, 114–05 (9th Cir. 2022); *United States v. Johns*, 390 F. Ap'x 963, 969–70 (11th Cir. 2010); *United States v. King*, 473 F. Supp. 2d 1177, 1180 (M.D. Ala. 2007).

First, "if there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent," the IDRA requires the Court to determine by a preponderance of the evidence whether the defendant is, in fact, incompetent. 18 U.S.C. § 4241(a) & (d). This finding must be made after a competency hearing, and the Court "may order" a psychiatric or psychological evaluation before that hearing. 18 U.S.C. §§ 4241(a), (c) & 4247(d). For that evaluation, the Court may "commit the person to be examined for a reasonable period, but not to exceed thirty days[.]" § 4247(b). The Court may also grant "a reasonable extension, but not to exceed fifteen days... upon a showing of good cause that the additional time is necessary to observe

3

and evaluate the defendant." *Id.* As a result, the maximum period of commitment authorized for this initial competency determination is 45 days. *Id.*

Second, if the Court finds by a preponderance of the evidence that the defendant is presently incompetent, as happened in Mr. Little's case, the Court "shall commit the defendant to the custody of the Attorney General" for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). This is the longest timeframe contemplated by the IDRA.

Third, after the four months have expired, the Court may extend the evaluation period only "if the court finds that there is a substantial probability that within such additional period of time, he will attain the capacity to permit the proceedings to go forward[.]" § 4241(d)(2)(a). In other words, any extension of the "reasonable period" is predicated on a court finding that a substantial probability exists that the person will attain competency in the foreseeable future. Otherwise, the "statutory text leaves no room for debate: it authorizes evaluation for a period 'not to exceed four months.'" *United States v. Gamarra*, 308 F. Supp. 3d 230, 233 (D.D.C. 2018); *see also United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990); *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986); *King*, 473 F. Supp. 2d at 1180.

Finally, if, at the end of the time period specified, the Court is unable to find that a substantial probability exists that the person will regain competency, then the Government may seek federal commitment if, and only if, (1) the individual is found dangerous as a

4

result of a disability (which requires a number of prerequisite findings), and (2) suitable arrangements for custody and care in the individual's home state are not available. 18 U.S.C. § 4246(a).

### B. The Government's authority to detain Mr. Little for § 4241(d)'s four-month evaluation period ended on March 9, 2024.

Applying this framework to Mr. Little's case, the Court found on November 8, 2023, that he is incompetent to stand trial and committed him to the custody of the Attorney General for "a reasonable period of time up to 120 days from the date of this order[.]" (ECF #51). The four-month period expired, by statute, on March 9, 2024. Absent a finding under § 4241(d)(2)(A) that there is a "substantial probability" of restoration, the statutory authority for the Government to hold Mr. Little has expired. *United States v. Carter*, 583 F. Supp. 3d 100, 100–01 (D.D.C. 2022); *see also Baker*, 807 F.2d at 1320 ("We believe that [§ 4241(d)] requires that a determination as to the individual's mental condition be made within four months, and that the individual cannot be held pursuant to section 4241 in excess of four months unless the court finds that the individual is likely to attain competency within a reasonable time."); *Donofrio*, 896 F.2d at 1303 ("The due process requirements of *Jackson* are met because the statute itself requires that the period of commitment be 'reasonable' for that purpose. The statute limits confinement to four months, whether more time would be reasonable or not.").

A situation like Mr. Little's was recently addressed in *United States v. Carter*, 583 F. Supp. 3d 100 (D.D.C. 2022). There, like here, the Government failed to transport Carter to a facility to make a restorability determination within the four-month deadline

5

established by § 4241(d)(1). *Id.* at 100.  By the time the statute's four-month period expired, the Government "had not even transported Carter to a facility where such a determination could be made." *Ibid.*  The court rejected the United States' argument that the 120-day clock did not begin to run until Carter was actually hospitalized:

> [T]he plain text of § 4241(d)(1) provides that the government ''shall hospitalize'' an incompetent defendant as soon as the government obtains ''custody'' over him. 18 U.S.C. § 4241(d)(1). The government obtained custody over Carter, within the meaning of that provision, on September 1, 2021 [the date of the commitment order]. And § 4241(d)(1) does not mention delays in transporting defendants for hospitalization, let alone subject them to a different timetable. See id. Accordingly, to the degree that § 4241(d)(1) allows the government to delay defendants' transportation, those delays must be a part of the ''reasonable period of time, not to exceed four months.''

583 F. Supp. 3d at 100.  The court held that the Government's violation required "either commencing civil commitment proceedings or dismissing the defendant's indictment." *Id.* at 102.

Rules of statutory construction support the Carter court's reading of the statute. Section 4241(d)(1) makes no mention of additional time for resource delays or transportation beyond the four-month time limit. By contrast, the Speedy Trial Act shows that Congress knows exactly how to account for transportation time separately from the time necessary for hospitalization of an incompetent defendant and that Congress imposes reasonable time limits when doing so.  *See* 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization" and providing that delay in excess of ten days is presumptively unreasonable).  Congress's silence in § 4241(d)(1) confirms that the Attorney General's commitment for hospitalization commences immediately upon the entry of the order.  Any

6

transportation and other pre-hospitalization delays count against the strict four-month time limit—delays are not added to the time limit through statutory silence.

Further, a contrary reading of the statute would thwart congressional intent. Section 4241(d)'s time limits were a response to the Supreme Court's constitutional holding in *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). In *Jackson*, the Court held a state statutory commitment scheme unconstitutional primarily because it allowed for the indefinite commitment of persons found mentally incompetent to stand trial. After *Jackson*, Congress carefully drafted § 4241(d) to ensure that defendants are held only for limited durations: "a reasonable period of time, not to exceed four months" for the initial commitment to determine restorability, and "an additional reasonable period of time" thereafter for treatment or dismissal of the charges. A reading of the statute that allows for indefinite prehospitalization commitment, though, "would create a substantial hole in this statutory scheme. Under that reading, defendants in [Mr. Little's] position would lack any statutory recourse against potentially indefinite delays in transporting them to a suitable facility. It is hard to imagine that Congress, which passed § 4241 to codify the Supreme Court's due process precedents, intended such a result." *Carter*, 583 F. Supp. 3d at 101.

The IDRA's four-month period is absolute. It runs from the date of commitment, and it cannot be extended or circumvented by ordering a new commitment. In this case, the Government has not complied with the Act's strict time limit. Absent evidence that there's any probability—let alone a substantial one—that Mr. Little will become competent, his continued custody under § 4241(d) for restoration evaluation is a clear violation of the IDRA. He must be released, and the indictment dismissed.

7

### C. *Jackson v. Indiana*'s reasonableness mandate requires release and dismissal.

Even if the Court concludes that §4241(d) tacitly permits some reasonable period of pre-hospitalization commitment, the eleven-month delay here is constitutionally unreasonable. In *Jackson v. Indiana*, the Supreme Court held that,

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

*Jackson*, 406 U.S. at 738. Section 4241 was Congress's direct response to *Jackson* and codified this mandate. *See United States v. Magassouba*, 544 F.3d 387, 403 (citing S. Rep. No. 98-225 at 236, 1983 WL 25404 (1984), and collecting cases).

The Ninth Circuit recently applied *Jackson* to a situation like Mr. Little's in *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022). Donnelly was found incompetent and committed to the custody of the Attorney General. *Id.* at 1103. Despite the court's commitment, Donnelly was still awaiting hospitalization at the four-month mark. *Id.* at 1104. The Ninth Circuit explained,

> The BOP, however, is currently experiencing a significant backlog in placing defendants in suitable facilities for treatment, as § 4241(d) requires. The lack of available bed space has led to long delays between the time a district court finds a defendant not competent to stand trial and the defendant's hospitalization for treatment and evaluation.

*Donnelly*, 41 F.4th at 1103–04.  Due to this backlog, it was anticipated that Donnelly would have to wait at least another four months before bed space would become available.  *Id.* He therefore moved to dismiss the indictment based on the Government's failure to comply with § 4241(d)'s four-month time limit.  *Id.* at 1104.

The Ninth Circuit concluded that "the four-month time limit applies only to the period of hospitalization, and thus begins to run when the defendant has been hospitalized." *Id.* at 1105. But it noted that this conclusion "does not establish whether the statute permits a delay between commitment and hospitalization." *Ibid*.  Ultimately, the court did not answer that question because it concluded that the more than eight months Donnelly had by then spent in pre-hospitalization limbo, "falls outside any constitutional reading of the statute." *Ibid.*

> We do not think Jackson's 'reasonable relation' requirement permits a pre-hospitalization commitment period, whose purpose is simply to identify an appropriate treatment facility and arrange for the defendant's transportation to that facility, to last longer than the maximum time Congress permitted for the period of hospitalization itself.

*Id.* at 1106. The *Donnelly* court thus held that even if a brief pre-hospitalization commitment is allowed for the Attorney General to designate and transport the person, that delay "cannot exceed four months."  *Id.* at 1107–08.  It therefore remanded the case to the district court "with instructions to order the Attorney General to hospitalize Donnelly in a suitable facility within seven days." *Id*. at 1107.  Other courts have concluded that delays akin to those Mr. Little has faced amount to a due process violation. *E.g., United States v. Mouton*, 2023 WL 3872206 at *2, S.D. Tx. Case No. 4:20-cr-501, Doc. 99 at 4 (S.D. Tx. June 7, 2023) ("Mr. Mouton's due process rights have been violated. It is not a close

9

question. After Mr. Mouton was found to be incompetent, he sat in jail for nine months, during which time no steps were taken to restore him to competency."); *United States v. Castrellon*, D. Co. Case No. 1:22-cr-112-GPG, Doc. 68 at 5 (D. Co. May 12, 2023) ("This Court finds that a pre-hospitalization commitment period of six months and beyond is unreasonable.").

Admittedly, the text of the IDRA does not require dismissal for a § 4241(d)(1) violation. But given that Mr. Little has been found incompetent and § 4241(d) no longer authorizes his commitment, the Court arguably lacks authority to continue his detention. Notably, the Bail Reform Act does not appear to authorize continued detention. *See* 18 U.S.C. § 3142. The Bail Reform Act applies only to cases "pending trial." § 3142(a)(1). Because Mr. Little is not "pending trial" due to his incompetency, the Bail Reform Act does not and cannot apply. *See United States v. Peppi*, No. 06-cr-157, 2007 WL 674746, at *5 (D.N.J. Feb. 27, 2007) ("Because Mr. Peppi cannot be brought to trial now, it seems an impermissible fiction to pretend that one is pending. If not pending trial, then the Bail Reform Act does not apply"); *United States v. Salerian*, No. 13-cr-117, 2016 WL 8732377 (W.D. Va. Mar. 11, 2016) ("Given that the defendant is not pending trial in any genuine way, I find that the Bail Reform Act, which serves as the basis for his current supervision, no longer applies to him."); *cf. Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (finding due process prohibits the criminal prosecution of a defendant who is mentally incompetent). To conclude otherwise would leave incompetent defendants in a legal purgatory where their case would not need to proceed in any direction toward attaining competency—something that *Jackson* clearly prohibits. *See Jackson*, 406 U.S. at 720

10

(discussing how commitment of an incompetent defendant "must be justified by progress toward" attaining competency). At a minimum, this Court must release Mr. Little because neither the IDRA nor the Bail Reform Act authorize his continued detention.

The Government will undoubtedly argue for more time. But this is not a new problem. *See, e.g., United States v. Haynesworth*, D. Md. Case No. 8:20-cr-340-PX, Doc. 34 at 4 (motion to dismiss based on delays in evaluation ordered in June 2021); *Carter*, 583 F. Supp. 3d at 97 (lengthy delay when restoration evaluation ordered in September 2021). Mr. Little's case shows that the BOP has yet to rectify a known problem. It has "chosen to designate a small number of facilities as 'suitable facilities' and has failed to outfit them with the requisite staff, resources, and beds to handle the needs of those defendants requiring competency restoration." *Leugosi*, 2022 WL 16855426 at *3. Permitting this situation to persist and worsen in recent years is the kind of "flagrant misconduct warranting dismissal." *Donnelly*, 41 F.4th at 1107.

The IDRA may not strictly mandate how the Government must evaluate Mr. Little, but it does strictly mandate when it must do so. The Government has made no progress toward establishing restorability within the Act's four-month time limit. And any further commitment to evaluate Mr. Little's likelihood of restoration would be in clear defiance of both the statutory limit and *Jackson*'s reasonableness standard. As a result, the Government must either "institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release [Mr. Little]." *Jackson*, 406 U.S. at 738.

**D.    Any effort to use federal civil commitment to detain Mr. Little would be unlawful.**

The Supreme Court recognized in *Jackson* that the outcome of dismissing the criminal case and releasing the defendant from pretrial detention might not necessarily amount to outright liberty. The Court recognized that even if there could be no criminal prosecution, the law allows for civil commitment of those who present a danger to others.

Here, though, federal civil commitment is not authorized. Section 4241(d) provides that "[i]f, at the end of the [four-month hospitalization], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section[ ] 4246." Section 4246 states, in relevant part, "[i]f the director of a facility in which a person is hospitalized certifies that a person. . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another" certain procedures shall be initiated. This statutory language is clear: federal civil commitment proceedings under Section 4246 are not authorized by statute until after a defendant has completed his time at a suitable facility as described in Section 4241(d). Thus, federal civil commitment is unavailable at this juncture.

Federal civil commitment is also unavailable by virtue of the Government's violation of the IDRA. Section 4246(a) contemplates three categories of persons subject to civil commitment—those "in the custody of the Bureau of Prisons whose sentence is

about to expire, or who ha[ve] been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person[.]" 18 U.S.C. § 4246(a). Mr. Little does not fall into any of these categories. The first and third categories are clearly inapplicable to this case. And it is undisputable that Mr. Little's commitment for restoration evaluation has now far exceeded both the statute's four-month limit and this Court's express order limiting the commitment period to 120 days. Thus, Mr. Little is no longer lawfully in the custody of the Attorney General.

The Fourth Circuit's opinion in United *States v. Wayda* confirms this analysis. 966 F.3d 294 (4th Cir. 2020). There, the Fourth Circuit dismissed the Government's petition for a civil commitment petition under 18 U.S.C. § 4248 for violating the time limitations of § 4241(d) and those of the committing court. Specifically, it held:

> Per all relevant statutes, once the Maryland district court [the court presiding over the criminal case] determined Appellee was incompetent to stand trial, Appellee could remain committed to the Attorney General for only an additional reasonable period of time until his charges were disposed of in accordance with law. Absent a creditable explanation of the reasonableness of Appellee's commitment post-December 2018—two years after his initial commitment and six full months after the Unrestorability Determination— the statutory language and our precedent in Searcy and Timms compel us to hold that Appellee could no longer be considered legitimately committed to the Attorney General's custody in June 2019. Therefore, the § 4248 certification filed against him was untimely.

966 F.3d at 309. Just as in *Wayda*, Mr. Little is no longer legally in the custody of the Attorney General. Thus, the Government cannot file a valid § 4246 petition—either at this juncture, or after Mr. Little is finally evaluated (if the Court permits that evaluation to go

13

forward). If there are legitimate concerns about the community safety, then local civil commitment proceedings can be sought.

The Government made no progress toward assessing Mr. Little's restorability during the four-month period authorized by the Court and by statute. And, it appears it will be several more months before Mr. Little is even transported to a "suitable facility" for a restoration evaluation. Meanwhile, he sits in the Sherburne County Jail, receiving none of the treatment contemplated by this Court's commitment Order. Because Mr. Little is being held in clear violation of the Insanity Defense Reform Act, the Bail Reform Act, the Due Process Clause, and this Court's own order, the Court must immediately release him and dismiss the indictment.

### III.    Speedy Trial

Under the Speedy Trial Act, Mr. Little is entitled to a trial that "shall commence within seventy days" of his arraignment. 18 U.S.C. § 3161(c). Mr. Little was arraigned on May 4, 2023 (ECF #13). Counsel moved to continue the motion filing deadlines on May 25, 2023, for a period of 30 days. (ECF #21). That motion was granted. (ECF #22). On June 26, 2023, counsel filed a motion to determine Mr. Little's competency and a second motion to continue the motion filings. (ECF #24 & 29). The Court ordered the period during which competency proceedings are ongoing to be excluded under the Speedy Trial Act. (ECF #30). Mr. Little's competency finding was entered on November 8, 2023.

Mr. Little objects to any further continuances to accommodate the longoverdue restoration evaluation and asserts his right to a speedy trial. Should the Court deny the motion to dismiss based on the flagrant IDRA violation in this case, Mr. Little intends to

14

file a motion to dismiss for violation of the Speedy Trial Act when seventy non-excludable days have lapsed.

WHEREFORE, Jackie Little respectfully requests that the Court vacate the commitment order, dismiss the indictment against him, and order him immediately released from custody based upon the Government's ongoing violation of the Insanity Defense Reform Act.

Dated: March 26, 2024                               Respectfully submitted,

*s/ Aaron J. Morrison*

AARON J. MORRISON
Attorney ID No. 341241
Attorney for Mr. Little
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415